# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TYSON C. HILLYER,

                    Plaintiff,

    v.

DISCIPLINARY OFFICER GUTZMAN, CORRECTIONAL OFFICER TOWNSEND, and CORRECTIONAL OFFICER KENNA,

                    Defendants.

Case No. 4:25-cv-00044-SLG

## **SCREENING ORDER**

On September 25, 2025, self-represented prisoner Tyson C. Hillyer ("Plaintiff") filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 ("Complaint"), a civil coversheet, and an incomplete application to waive prepayment of the filing fee.[1] On October 30, 2025, Plaintiff filed a motion to obtain security camera footage with a supporting affidavit.[2] Plaintiff brings claims against Correctional Officer Townsend, Correctional Officer Kenna, and Disciplinary Officer Gutzman related to events that allegedly occurred while serving a sentence at the Fairbanks Correctional Center ("FCC") in the custody of the Alaska Department of Corrections ("DOC").[3] Plaintiff requests $1 million in damages, $1

---

[1] Dockets 1-3.

[2] Dockets 5-6.

[3] Docket 1.

million in punitive damages, an order to stop placing him in danger, a declaration of his rights, and reinstatement of his job.[4]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, the Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint **as to Claim 1 only** that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court must dismiss the complaint at any time if the court determines that the complaint:

    (i)    is frivolous or malicious;

    (ii)   fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.[6]

---

[4] Docket 1 at 8.

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 2 of 17
Case 4:25-cv-00044-SLG    Document 7    Filed 02/02/26    Page 2 of 17

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to a self-represented plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

---

[7] *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (noting that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell*, 266 F.3d 979 at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 3 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 3 of 17

## THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[13] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[14] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[15] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[16] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[17]

---

[13] 28 U.S.C. § 1915(g).

[14] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[15] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[16] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[17] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 4 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 4 of 17

## DISCUSSION

**I. This action is deficient because Plaintiff did not include a fully completed Application to Waive Prepayment of the Filing Fee on the Court's form or a statement from his prison trust account for the past six months**

Prisoner litigants requesting to waive prepayment of the filing fee must file a completed and signed correct application form (District of Alaska Form PS10) and include with that application a statement from their prison trust account for the past six months.[18] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[19] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[20] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order to collect the filing fee from Plaintiff's prisoner trust account.

Plaintiff's motion to waive the filing fee at **Docket 3 is DENIED** because it is not on the proper form and does not include the prisoner trust account statement.

On or before the date an amended complaint is filed, Plaintiff must also file a fully completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 and attach a copy of the statement for

---

[18] Local Civil Rule 3.1(c)(3).

[19] 28 U.S.C. § 1915(a)-(b).

[20] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 5 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 5 of 17

the last six months of Plaintiff's prisoner trust account. Alternatively, Plaintiff may pay the $350 filing fee and the $55 administrative fee, a total of $405, at this time.

## II. Civil Rights Claims under Section 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[21] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[22] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[23] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[24]

### A. Claims against Officer Townsend in Claim 1

In Claim 1, Plaintiff claims Correctional Officer Townsend violated his right to free speech, his right to freedom of association, and his right to be free from cruel and unusual punishment. Claim 1 includes multiple unrelated claims. First,

---

[21] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[22] *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)).

[23] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

[24] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 6 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 6 of 17

Plaintiff alleges that that on or about August 2025, Officer Townsend was unnecessarily yelling at another inmate during mealtime.[25]

Claim 1 also alleges that on September 8, 2025, Plaintiff was hit by another prisoner, Chambers, so hard that it resulted in "ten stitches and a dent" in Plaintiff's skull. Plaintiff claims that he and another prisoner, Romero, had requested to be kept separate from Chambers, but that "they" assigned Chambers to the bunk above Romero and that "they" fired Plaintiff from his job after Chambers forced Plaintiff to get a tattoo. Plaintiff also claims he was accused of making a false report against Chambers, forced to sign papers, and given insufficient medical care.[26]

As an initial matter, Plaintiff, as a non-attorney self-represented litigant, can only bring claims affecting him personally.[27] Plaintiff has "no authority to appear as an attorney for others than himself."[28] Plaintiff cannot maintain a claim against a correctional officer for yelling at another prisoner. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct

---

[25] Docket 1 at 3.

[26] Docket 1 at 3.

[27] 28 U.S.C. § 1654.

[28] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 7 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 7 of 17

of that defendant.[29] Any amended complaint as to Claim 1 must not include allegations regarding other prisoners.

While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[30] Plaintiff's Complaint fails to describe any actions by Officer Townsend that amount to a constitutional violation. Verbal harassment and threats are not sufficient to establish a violation of Plaintiff's constitutional rights,[31] and there is no right to receive or retain a particular prison job assignment.[32] Plaintiff has not described Officer Townsends role in housing decisions, disciplinary decisions, or providing medical care. Plaintiff's Complaint does not plead sufficient facts to state a plausible claim against Officer Townsend.

However, Plaintiff may be able to state a failure to protect claim if he can plausibly allege facts that Officer Townsend failed to take reasonable steps to protect Plaintiff from physical abuse by Chambers.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."[33] To state a failure-to-protect claim under the Eighth Amendment,

---

[29] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[31] *See Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming summary judgment on prisoner's verbal harassment claim, noting that "verbal harassment generally does not violate the Eighth Amendment").

[32] *See, e.g., James v. Mun, et al.,* Case No. 3:24-cv-00092-SLG, Docket 6 at 8.

[33] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by*

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 8 of 17
Case 4:25-cv-00044-SLG    Document 7    Filed 02/02/26    Page 8 of 17

a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements for that particular defendant:

(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) by not taking such measures, the defendant caused the plaintiff's injuries.[34]

"[B]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."[35] However, a failure-to-protect claim requires more than ordinary negligence or lack of due care on the part of a prison official; the official must have been aware of facts from which the official could infer a substantial risk of serious harm, and the official must have

---

*Sandin v. Conner*, 515 U.S. 472 (1995).

[34] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.28 (Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Failure to Protect) and the cases cited therein.

[35] *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 9 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 9 of 17

actually drawn that inference.[36] The relevant inquiry focuses on the risk that existed before the challenged conduct and whether that risk was substantial and imminent. Courts have required more than stale or isolated events to find the objective element satisfied; contemporaneous threats, repeated recent assaults, credible gang-retaliation plans, or other facts showing an ongoing and imminent risk are ordinarily necessary.[37] And when a defendant responds promptly to an incident (for example, by removing the alleged attacker, separating inmates, or taking other reasonable measures), courts routinely find that the subjective-knowledge element is not established by the assault.[38]

As pleaded, Claim 1 fails to set forth sufficient facts that, if accepted as true, would show that Officer Townsend made an intentional decision about Plaintiff's housing regarding Chambers; how Officer Townsend's decision put Plaintiff at substantial risk of suffering harm, how Officer Townsend should have known of the high degree of risk involved to Plaintiff, and how Officer Townsend's failure to take reasonable available measures to protect Plaintiff caused Plaintiff's injuries.

---

[36] *Id.* at 833.

[37] *See, e.g., Cortez v. Skol*, 776 F.3d 1046, 1050-53 (9th Cir. 2015) (holding that summary judgment to correctional officer was precluded when prisoner suffered severe brain damage after being attacked by two fellow prisoners when there was evidence to suggest that (1) the correctional officer knew of the hostility between the inmates and the inmate victim's protective custody status, and (2) inmates were moved without leg restraints in violation of prison policy).

[38] *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (discussing state of mind and requisite culpability).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 10 of 17
Case 4:25-cv-00044-SLG     Document 7     Filed 02/02/26     Page 10 of 17

For these reasons, the Claim 1 fails to state a plausible failure-to-protect claim against Officer Townsend.

### B. Claims against Officer Gutzman and Officer Kenna

In Claim 2, Plaintiff's Complaint alleges that on or about September 8, 2025, Officer Gutzman violated his rights by preventing Romero from being a witness at some unspecified disciplinary proceeding.[39][40] In Claim 3, Plaintiff's Complaint alleges that on or about September 8, 2025, Officer Kenna forced him to sign papers and prevented him from seeking advice from Romero.[41]

Upon review, Plaintiff's Complaint fails to state a plausible claim against either Officer Gutzman or Officer Kenna. Further, although it appears that Plaintiff may have been subjected to disciplinary proceedings related to the alleged assault by Chambers,[42] multiple defendants may be joined in a single action only when the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[43] Claims 2 and 3 are insufficiently related to Claim 1 against Officer Townsend to be pursued in the

---

[39] Docket 1 at 4.

[40] Docket 1 at 4.

[41] Docket 1 at 5.

[42] Plaintiff claims that on or about September 8, 2025, he was assaulted by Chambers, forced to sign papers, accused of making a false report against Chambers, and denied due process in his disciplinary proceedings. *See* Docket 1 at 3-5.

[43] Fed. R. Civ. P. 20(a)(2).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 11 of 17
Case 4:25-cv-00044-SLG    Document 7    Filed 02/02/26    Page 11 of 17

same case. If Plaintiff elects to proceed with either Claim Two or Claim Three, he must do so by filing a separate complaint in a new case. For these reasons, Claim Two and Claim Three are DISMISSED and must not be included in an amended complaint filed in this case.

### III. Plaintiff's motion to obtain security camera footage

Plaintiff's motion to obtain security camera footage from FCC at Docket 5 is **DENIED** because it is premature. A plaintiff need not file exhibits or evidence to prove his case at the pleading stage. Should an amended complaint proceed on Claim 1 in this case beyond the screening stage, the Court will order service of the Amended Complaint on Defendant Townsend and issue an order setting a schedule for discovery and dispositive motions. Neither party may file motions concerning discovery issues without first seeking, in good faith, to resolve the matter with each other as required by Rule 37(a), Federal Rules of Civil Procedure.[44]

Plaintiff may submit a written request to FCC asking that any surveillance footage relevant to the alleged September 8, 2025, incident be preserved. If this action proceeds beyond screening stage, Plaintiff may seek such materials through the normal discovery process.

---

[44] Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); District of Alaska Local Civil Rule 37.1. ("The certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion.").

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 12 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 12 of 17

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[45] Plaintiff is being given an opportunity to file an amended complaint as to Claim One only in this action; an amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits.

An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by the defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[46] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint as to Claim One, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that claim may proceed to the next stage of litigation. Should the amended

---

[45] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[46] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 13 of 17
Case 4:25-cv-00044-SLG    Document 7    Filed 02/02/26    Page 13 of 17

complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant. Plaintiff must not attempt to serve Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint as to only his failure-to-protect claim against Officer Townsend.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint as to Claim One only to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case and not further pursue Claim One.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, the case and Claim One shall be dismissed for failure to state a claim without further notice to Plaintiff.

4. If a case is dismissed for failure to state a claim, it will count as a "strike" under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 14 of 17
Case 4:25-cv-00044-SLG    Document 7    Filed 02/02/26    Page 14 of 17

civil rights cases in federal court. A Notice of Voluntary Dismissal does not count as a strike.[47]

5. Plaintiff's motion to waive prepayment of the filing fee at **Docket 3** is incomplete and is therefore **DENIED.**

6. Should Plaintiff elect to proceed with this case, he must either pay the filing fee and administrative fee, a total of $405.00, or file a completed and signed prisoner application to waive payment of the filing fee on Form PS10 **on or before the date the amended complaint is filed**. The application must include an attached statement from Plaintiff's prison trust account for the six months preceding the filing of the application.

7. Federal law only allows the Court to waive a prisoner's *prepayment* of the filing fee. Prisoners must pay the $350 filing fee incrementally until paid in full, regardless of the outcome of the action.[48] Should Plaintiff proceed with this Claim 1 against Officer Townsend in this lawsuit, the Court will issue a separate order for the collection of the $350 filing fee directly from Plaintiff's prisoner trust account.

8. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee and administrative fee,

---

[47] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025)

[48] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 15 of 17
Case 4:25-cv-00044-SLG    Document 7    Filed 02/02/26    Page 15 of 17

a total of $405.00, or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[49] Failure to comply may result in dismissal of this action.

9. Plaintiff's motion at **Docket 5 is DENIED without prejudice**.

10. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[50] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

11. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[51] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[49] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[50] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to 'counsel' or 'attorneys' also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[51] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 16 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 16 of 17

Court, if needed. If Plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

12. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send the Court important original documents or documents that cannot be replaced.[52] Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[53]

13. With this order, the Clerk is directed to send: (1) Form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) Form PS10, Prisoner's application to waive prepayment of the filing fee; (3) Form PS09, Notice of Voluntary Dismissal; and (4) Form PS23, Notice of Change of Address.

DATED this 2nd day of February, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[52] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

[53] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

Case No. 4:25-cv-00044-SLG, *Hillyer v. Disciplinary Officer Gutzman, et al.*
Screening Order
Page 17 of 17
Case 4:25-cv-00044-SLG   Document 7   Filed 02/02/26   Page 17 of 17